**Maria Del Carmen OROZCO–ORTEGA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71518.

Agency No. A79–524–232.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

586

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Maria Del Carmen Orozco–Ortega, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the agency's legal determination that a petitioner is statutorily ineligible for cancellation of removal, *see* *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002), and we deny the petition for review.

■ The BIA properly determined that the petitioner was statutorily ineligible for cancellation of removal because she lacked a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring a showing of "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent resi-

---

** This disposition is not appropriate for publication and may not be cited to or by the

dence"). Although the record supports petitioner's claim that her grandchildren and adult daughter would suffer if she were removed to Mexico, neither falls under the definition of a "child" for the purposes of establishing eligibility under 8 U.S.C. § 1229b(b)(1)(D). *See* 8 U.S.C. § 1101(b)(1) (the term "child" as used in the cancellation of removal provision is defined as "an unmarried person under twenty-one years of age"); *Montero–Martinez*, 277 F.3d at 1144–45 (alien's adult daughter, who was over 21 years old at all relevant times, did not qualify as a "child" under the cancellation statute).

■ Petitioner's contention that the IJ violated her due process rights by not allowing her daughter and grandchildren to testify in support of her application is unavailing because she failed to show that the proceedings were so fundamentally unfair that she was prevented from reasonably presenting her case. *See Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1056–58 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.